# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NESTOR DANIEL HERNANDEZ, | CASE NO. 1:11-cv-01495-LJO-GBC (PC) |
| Plaintiff, | |
| v. | ORDER DENYING MOTION |
| OLMOS, et al., | |
| | (ECF No. 11) |
| Defendants. | |

**ORDER**

Plaintiff Nestor Daniel Hernandez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 7, 2011. (ECF No. 1.) Plaintiff's Complaint has not yet been screened by the Court.

Pending before the Court now is Plaintiff's Motion filed October 12, 2011. (ECF No. 11.) In it, Plaintiff requests that the Court consolidate several similar cases, making a class-action, and appoint counsel. (Id.)

After reviewing the Complaints, the Court has determined that each plaintiff should proceed separately on his own claims. Rule 21 of the Federal Rules of Civil Procedure

provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just," and "[a]ny claim against a party may be severed and proceeded with separately."

Here, Plaintiff is not an attorney and he is proceeding without counsel. A pro se litigant simply cannot "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (2000). While a non-attorney proceeding pro se may bring his own claims to court, he may not represent others. E.g., Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008); Fymbo, 213 F.3d at 1321; Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).

Furthermore, in the Court's experience, an action brought by multiple plaintiffs proceeding pro se in which one or more of the plaintiffs are incarcerated presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released on parole, and the difficulties faced by inmates who attempt to communicate with each other and other unincarcerated individuals. Further, the need for all plaintiffs to agree on all filings made in one action, and the need for all filings to contain the original signatures of all plaintiffs will lead to delay and confusion. Therefore, Plaintiff's request for consolidation and class action status is denied.

As to Plaintiff's request for counsel, since the Court is not granting class action status, appointment of counsel is unnecessary. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C.

§ 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases almost daily.  Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims.  Therefore, Plaintiff's motion for the appointment of counsel is denied without prejudice.

Accordingly, Plaintiff's Motion is DENIED.

IT IS SO ORDERED.

Dated:   October 14, 2011

UNITED STATES MAGISTRATE JUDGE