# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NESTOR DANIEL HERNANDEZ, | CASE NO. 1:11-cv-01495-LJO-GBC (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE AS TO WHY THIS ACTION SHOULD NOT BE DISMISSED, WITHOUT PREJUDICE, FOR PLAINTIFF'S CONCESSION OF FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| OLMOS, et al., | |
| Defendants. | Doc. 1 |
| / | TWENTY-ONE DAY DEADLINE |

## I. Introduction

On September 7, 2011, Plaintiff Nestor Daniel Hernandez ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging failure to provide showers and only providing a portion of meal servings. Doc. 1. In Plaintiff's complaint, he concedes non-exhaustion, stating his inmate appeal was still at the first level of review; that he wishes to file his complaint concurrently while exhausting; and that he cannot exhaust because the institution will not agree to a money settlement. *See* Compl. at 6, Doc. 1.

## II. Failure to Exhaust Administrative Remedies

### A. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is

1  therefore mandatory, and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548
2  U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The PLRA's exhaustion
3  requirement requires "proper exhaustion" of administrative remedies. *Ngo*, 548 U.S. at 93. This
4  means "[p]risoners must now exhaust all 'available' remedies," *id.* at 85, in "compliance with an
5  agency's deadlines and other critical procedural rules." *Id.* at 90–91. The requirement cannot be
6  satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or
7  appeal." *Id.* Further, the remedies "available" need not meet federal standards, nor need they be
8  "plain, speedy and effective." *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth*, 532 U.S. at 739-40
9  & n.5.

10    It is the prison's requirements, and not the PLRA, that define the boundaries of proper
11  exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The California Department of Corrections and
12  Rehabilitation ("CDCR") provides inmates the right to file administrative appeals alleging
13  misconduct by correctional officers or "any departmental decision, action, condition, or policy which
14  they can demonstrate as having an adverse effect upon their welfare." *See* Cal. Code Regs. tit. 15,
15  §§ 3084.1(a) & (e). In order to exhaust all available administrative remedies within this system, a
16  prisoner must submit his complaint as an inmate appeal on a 602 form, within fifteen[1] working days
17  from the date the administrative decision or action being complained of, and proceed through several
18  levels of appeal: (1) informal level grievance filed directly with any correctional staff member; (2)
19  first formal level appeal filed with one of the institution's appeal coordinators; (3) second formal
20  level appeal filed with the institution head or designee; and (4) third formal level appeal filed with
21  the CDCR director or designee. *Id.* at §§ 3084.5 & 3084.6(c); *Brodheim v. Cry*, 584 F.3d 1262,
22  1264–65 (9th Cir. 2009); *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). *See Ngo v.*
23  *Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008) (*Ngo II*) (finding claims unexhausted where filed
24  more than fifteen working days after deadline).

25    A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no
26  exception to exhaustion applies. 42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th

---

[1] As of July 2011, inmates have thirty calendar days to file appeals. § 3084.8(b).

Cir. 2003). The Court may review exhibits attached to the complaint that may contradict Plaintiff's assertions in the complaint. *Tyler v. Cuomo*, 236 F.3d 1124, 1131 (9th Cir. 2000); *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). In deciding . . . failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

### B. Analysis

A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies. 42 U.S.C. § 1997e(a); *Wyatt*, 315 F.3d at 1120. As stated above, In Plaintiff's complaint, he concedes non-exhaustion, stating his inmate appeal was still at the first level of review; that he wishes to file his complaint concurrently while exhausting; and that he cannot exhaust because the institution will not agree to a money settlement. *See* Compl. at 6, Doc. 1. "[A] district court must dismiss a case without prejudice 'when there is no pre-suit exhaustion,' even if there is exhaustion while suit is pending." *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005), *cert. denied*, 549 U.S. 1204 (2007) (quoting *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) (per curiam)).

Plaintiff alleges that he is exempt from the requirements of exhaustion because he would be unable to obtain money damages through the prison grievance system. *See* Compl. at 6, Doc. 1. However, exhaustion is a prerequisite to suit even if the relief sought by an inmate, notably money damages, is not available in the administrative process. *Porter*, 534 U.S. at 524; *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009).

In *Ngo*, the Supreme Court held that "full and proper exhaustion of administrative remedies is necessary, which means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *See Ngo*, 548 U.S. 81, 84, 90, 94. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 91, 103. While the Supreme Court recognized that this may be harsh and will prevent certain prisoner cases from proceeding, the "centerpiece of the PLRA's effort to reduce

the quantity . . . of prisoner suits is an 'invigorated' exhaustion provision, § 1997e(a)." *Id.* at 84 & 103. "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Id.* at 85. Plaintiff concedes that he failed to exhaust all his mandatory administrative remedies against defendants prior to initiating this action, which requires mandatory dismissal, in accordance with § 1997e(a) and *Ngo*.

### III. Conclusion

Based on the foregoing, it is HEREBY ORDERED that within **twenty-one (21) days** of the service of this order, Plaintiff SHALL SHOW CAUSE as to why this action should not be dismissed, without prejudice, for Plaintiff's concession of failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a).

IT IS SO ORDERED.

Dated:   September 18, 2012

UNITED STATES MAGISTRATE JUDGE