# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

NESTOR DANIEL HERNANDEZ,

        Plaintiff,

     v.

OLMOS, et al.,

        Defendants.

_____ /

CASE NO. 1:11-cv-01495-LJO-GBC (PC)

ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Doc. 1

THIRTY-DAY DEADLINE

## Screening Order

### I. Procedural History, Screening Requirement, and Standard

On September 7, 2011, Plaintiff Nestor Daniel Hernandez ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging failure to provide showers and only providing a portion of meal servings. Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1   A complaint must contain "a short and plain statement of the claim showing that the pleader

2   is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

3   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

4   do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*,

5   550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I*

6   *v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted

7   as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

8   While prisoners proceeding pro se in civil rights actions are still entitled to have their

9   pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is

10  now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must

11  demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v.*

12  *Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations

13  sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*,

14  572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this

15  plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

16  Section 1983 provides a cause of action for the violation of constitutional or other federal

17  rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971

18  (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link

19  between the violation of his rights and an action or omission of the defendant. *Iqbal*, 556 U.S. at

20  678-79; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554,

21  570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may

22  only be held liable for misconduct directly attributed to him or her. *Iqbal*, 556 U.S. at 677-79; *Ewing*

23  *v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

24  **II. Plaintiff's Complaint**

25  In Plaintiff's complaint, he names Correctional Officers Olmos, Acosta, and Clinerd, who

26  were employed at California Correctional Institution, Tehachapi. Compl. at 1-2, Doc. 1.

27  In Plaintiff's complaint, he concedes non-exhaustion, stating his inmate appeal was still at

28  the first level of review; that he wishes to file his complaint concurrently while exhausting; and that

he cannot exhaust because the institution will not agree to a money settlement. *Id.* at 6.[1]

Plaintiff states that on various dates in June, July, and August 2011, defendants Olmos, Acosta, and Clinerd were assigned to unit 2 housing for housing functions, such as showering, and Plaintiff did not receive a shower while on lockdown status. *Id.* at 3. Plaintiff signed his complaint on September 5, 2011, and Plaintiff states that since his arrival on June 28, 2011, he has only showered 10 times in 63 days. *Id.*

On August 1, 2011, defendant Olmos accused Plaintiff of talking in his cell and disciplined him by serving only one-fourth of a regular meal portion consisting of 1 teaspoon of beans, 1 teaspoon of corn, 1/4 teaspoon of rice, 1/4 portion of fish, 1 slice bread, and a piece of cake. *Id.* at 4. The officer told Plaintiff that at that rate, he would help Plaintiff lose 300 pounds. *Id.* On August 3, 2011, defendant Olmos stated he heard someone talking in section (A), so he served cells 201 to 209 with reduced meal portions consisting of 3 pieces of lettuce, 1/4 piece of turkey, 1 teaspoon of carrots and peas, 1/2 teaspoon mashed potatoes, 1/2 slice of bread, and 1 slice of apple crisp. *Id.* Defendant Olmos had defendant Acosta bring Plaintiff the food. *Id.* These officers failed to provide a nutritionally balanced diet allotted to inmates per prison rules and regulations. *Id.*

For relief, Plaintiff seeks one million dollars ($1,000,000) in compensatory, punitive, and monetary damages; and to reprimand the Department of Corrections for condoning defendants' actions. *Id.* at 7.

//

---

[1] It appears that Plaintiff may not have properly exhausted his claims prior to initiating this action. Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is therefore mandatory, and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The PLRA's exhaustion requirement requires "proper exhaustion" of administrative remedies. *Ngo*, 548 U.S. at 93. This means "[p]risoners must now exhaust all 'available' remedies," *id.* at 85, in "compliance with an agency's deadlines and other critical procedural rules," *id.* at 90–91. The requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by the defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). On October 5, 2012, Plaintiff filed a response to the order to show cause for Plaintiff's concession of failure to exhaust, stating that defendants have blocked Plaintiff's attempts to file an appeal. Doc. 17. As Plaintiff alleges an excuse for failing to exhaust, the Court will permit his case to proceed, but this does not preclude defendants from filing a motion to dismiss, for failure to exhaust administrative remedies, once they have appeared in the case.

1    ### III. Legal Standard and Analysis for Plaintiff's Claims

2    ### A. Eighth Amendment Conditions of Confinement and Linkage

3    ### 1. Legal Standard

4    The Eighth Amendment protects prisoners from inhumane conditions of confinement.

5    *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). "[R]outine discomfort inherent in the

6    prison setting" does not rise to the level of a constitutional violation. *Johnson v. Lewis*, 217 F.3d

7    726, 731 (9th Cir. 2000). Rather, extreme deprivations are required to make out a conditions of

8    confinement claim, and only those deprivations denying the minimal civilized measure of life's

9    necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Farmer v.*

10   *Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Substantial

11   deprivations of shelter, food, drinking water, or sanitation over an extended time are sufficiently

12   serious to satisfy the objective component of an Eighth Amendment claim. *Johnson v. Lewis*, 217

13   F.3d 726, 732-33 (9th Cir. 2000).  In order to state a claim, a prisoner must allege facts sufficient to

14   support a claim that prison officials knew of and disregarded a substantial risk of serious harm to

15   him. *E.g., Farmer*, 511 U.S. at 847; *Thomas v. Ponder*, 611 F.3d 1144, 1151-52 (9th Cir. 2010);

16   *Richardson v. Runnels*, 594 F.3d 666, 672 (9th Cir. 2010).

17   Under § 1983, Plaintiff must link the named defendants to the participation in the violation

18   at issue. *Iqbal*, 556 U.S. at 678-79; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th

19   Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones*, 297 F.3d at 934. Liability may not be imposed on

20   supervisory personnel under the theory of respondeat superior, *Iqbal*, 556 U.S. at 676; *Ewing*, 588

21   F.3d at 1235, and administrators may only be held liable if they "participated in or directed the

22   violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040,

23   1045 (9th Cir. 1989); *accord Starr*, 652 F.3d at 1205-08; *Corales*, 567 F.3d at 570; *Preschooler II*

24   *v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*,

25   126 F.3d 1189, 1204 (9th Cir. 1997).

26   ### 2. Analysis

27   The Court finds that Plaintiff's allegations are insufficient to state an Eighth Amendment

28   claim. Plaintiff's claims of short-term denial of showers and reduced meal portions are implausible

1   at best. This is the sort of short-term discomfort which does not support an Eighth Amendment

2   violation. Reduced portions for two meals will not support a claim. *See Foster v. Runnels*, 554 F.3d

3   807, 812-13 (9th Cir. 2009) (inmate denied 16 meals in 23 days); *LeMaire v. Maass*, 12 F.3d 1444,

4   1456 (9th Cir. 1993) (food must be adequate to maintain health).

5       Plaintiff also alleges that he was denied access to regular showers during lockdown. In the

6   absence of any specific facts that would support a reasonable inference that Plaintiff was held in

7   conditions so unsafe or unsanitary that they violated the Eighth Amendment, no claim lies. *See

8   Rodgers v. Thomas*, 879 F.2d 380, 385 (8th Cir. 1989) (no toilet or sink, clothing confiscated, only

9   allowed to shower once every five days, no mattress).

10      While the Ninth Circuit has not made any definitive determination as to how many showers

11  are required per week for inmates, it has certainly not held that daily showers are required. *See Van

12  Nort v. Fair*, 2012 WL 1106922, at * 7-8 (D. Nev. Feb. 2, 2012) (District Court adopted as to

13  conditions of confinement claim and declined to adopt on other claims). One district court has held

14  that the denial of showers for seven (7) days did not amount to an Eighth Amendment violation. *See

15  Centeno v. Wilson*, 2011 WL 836747 (E.D. Cal. March 4, 2011). In *Davenport v. DeRobertis*, 844

16  F.2d 1310 (7th Cir. 1988), the Seventh Circuit rejected a provision for injunctive relief requiring

17  three showers per week, stating: "No doubt Americans take the most showers per capita of any

18  people in the history of the world, but many millions of Americans take fewer than three showers

19  (or baths) a week without endangering their physical or mental health, and abroad people as civilized

20  and healthy as Americans take many fewer showers on average . . . The importance of the daily

21  shower to the average American is cultural rather than hygienic." *Id.* at 1316.

22      Even if the Court were to assume that Plaintiff's allegations were somehow sufficient to be

23  cognizable under the Eighth Amendment, Plaintiff has not linked anyone to specific actions or

24  omissions which constituted deliberate indifference. Only those individuals who knowingly

25  disregarded a substantial risk of harm to Plaintiff's health or safety relating to the specific conditions

26  he is complaining about may be held liable under § 1983. *Farmer*, 511 U.S. at 837. Plaintiff alleges

27  that defendants Olmos, Acosta, and Clinerd were assigned to housing, but there is no suggestion that

28  they specifically denied Plaintiff a shower, or were aware that Plaintiff desired a shower. Plaintiff

must link the named defendants to the participation in the violation at issue pursuant to *Iqbal*, 556 U.S. at 678-79; *Simmons*, 609 F.3d at 1020-21; *Ewing*, 588 F.3d at 1235; and *Jones*, 297 F.3d at 934. Plaintiff fails to demonstrate that any of the defendants knew of and disregarded a substantial risk of serious harm to Plaintiff when depriving him of full-portion size meal, proper nutrition, and showers. Plaintiff must set forth facts identifying which defendant, whether named or unknown, and his/her alleged acts or omissions that resulted in the alleged violation of Plaintiff's federal rights.

## B. Violation of State Prison Rules and Regulations

Violations of state prison rules and regulations, without more, do not support any claims under section 1983. *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). Only if the events complained of rise to the level of a federal statutory or constitutional violation may Plaintiff pursue them under section 1983. *Patel*, 648 F.3d at 971; *Jones*, 297 F.3d at 934. Thus, complaints that prison officials violated state regulations regarding the inmate appeals process or prison disciplinary proceedings, for example, will not support a claim for denial of due process under federal law.

## C. Eleventh Amendment Immunity

In Plaintiff's complaint, he seeks the Court to order relief from the California Department of Corrections and Rehabilitation ("CDCR"). As a state agency, the CDCR is entitled to Eleventh Amendment immunity from suit. *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Therefore, the California Department of Corrections and Rehabilitation is an improper defendant in this action and entitled to dismissal. Accordingly, Plaintiff fails to state a cognizable claim for relief under § 1983 against the California Department of Corrections and Rehabilitation.

## IV. Conclusion and Order

Plaintiff's complaint fails to state any claims upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." *Twombly*, 550 U.S. at 555.

Finally, an amended complaint supersedes the prior complaint, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED for failure to state a claim upon which relief may be granted;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a **first amended complaint**; and

4. If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.


IT IS SO ORDERED.

Dated:   December 17, 2012

UNITED STATES MAGISTRATE JUDGE