# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NESTOR DANIEL HERNANDEZ,<br><br>    Plaintiff,<br><br>    vs.<br><br>OLMOS, et al.,<br><br>    Defendants. | 1:11cv01495 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Nestor Daniel Hernandez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis. Plaintiff filed this civil rights action pursuant to 28 U.S.C. § 1983 on September 7, 2011.

On December 17, 2012, the Court issued a screening order dismissing the complaint with leave to amend for failure to state a claim for which relief may be granted. Plaintiff filed a First Amended Complaint on March 4, 2013. Plaintiff names California Correctional Institution, Tehachapi ("CCI") Correctional Officers Olmos, Acosta and Clinerd as Defendants.

A.   **LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.     **PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at North Kern State Prison in Delano, California.  The events at issue occurred while Plaintiff was incarcerated at CCI.

Plaintiff alleges that between June 28, 2011 and August 30, 2011, he was denied showers on "multiple days."  Compl. 1.  He alleges that Defendants Olmos, Acosta and Clinerd denied Plaintiff his "regular showers," to which he is entitled under California Code of Regulations, Title 15, Sections 3004(b) and (c), 3060, 3061, 3064 and 3331(g).  Plaintiff argues that the prison system allows daily showers, and that the denial of regular showers constitutes cruel and unusual punishment.

Plaintiff also alleges that from June 28, 2011, through August 30, 2011, Defendants physically altered multiple meals by "personally down size inmate meals by taking the law into their own hands."  Compl. 2.  Plaintiff cites California Code of Regulations, Title 15, Sections 3050(A)(1) and 3331(d) and contends that this denial violated his Eighth Amendment rights.

C.     **DISCUSSION**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).  Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment.  Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

1. Showers

Plaintiff's amended complaint alleges that Defendants denied him "regular showers" between June 28, 2011 and August 30, 2011. He states that he was denied showers "multiple times" during this time period. Compl. 1, 2.

Plaintiff's factual allegations are insufficient to state a claim under the Eighth Amendment. In the Court's prior screening order, the Court explained that the short-term denial of showers is not the type of deprivation that rises to the level of an Eighth Amendment violation. The Court instructed Plaintiff that "in the absence of specific facts that would support a reasonable inference that Plaintiff was held in conditions so unsafe or unsanitary that they violated the Eighth Amendment, no claim lies." Dec. 17, 2012, Order 5.

Despite the Court's clear instructions that additional facts were required to state a claim, Plaintiff has failed to cure the deficiency in his amended complaint. To the extent that he relies on the denial of "regular showers" and/or the denial of showers on "multiple" occasions during a two month period, his claim is factually insufficient. While the Ninth Circuit has not made any definitive determination as to how many showers are required per week for inmates, it has certainly not held that daily showers are required. See Van Nort v. Fair, 2012 WL 1106922, at *

7-8 (D. Nev. Feb. 2, 2012) (District Court adopted as to conditions of confinement claim and declined to adopt on other claims).  One district court has held that the denial of showers for seven (7) days did not amount to an Eighth Amendment violation.  See Centeno v. Wilson, 2011 WL 836747 (E.D. Cal. March 4, 2011).

Finally, to the extent that Plaintiff cites various sections of Title 15 of the California Code of Regulations, violation of the regulations alone does not suffice to state a section 1983 claim.  As the Court explained in its prior screening orders, Plaintiff may not premise a section 1983 claim on violations of Title 15 of the California Code of Regulations.  Violations of state prison rules and regulations, without more, do not support any claims under section 1983.  Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir. 2001); Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997).  Only if the events complained of rise to the level of a federal statutory or constitutional violation may Plaintiff pursue them under section 1983.  Jones, 297 F.3d at 934.

Accordingly, where there are no facts to support a constitutional violation, the mere allegation of a violation of Title 15 will not change this result.

Plaintiff fails to state a claim under the Eighth Amendment based on the denial of showers.  He was given an opportunity to amend but failed to cure the deficiencies.

2. Meals

Plaintiff's amended complaint alleges that Defendants "physically altered" multiple meals for the two month period at issue by "personally down sizing" the meal.

In the Court's prior screening order, the Court found that Plaintiff's allegations of two instances of reduced meal portions were insufficient to rise to the level of an Eighth Amendment violation.  See Foster v. Runnels, 554 F.3d 807, 812-13 (9th Cir. 2009) (the denial of 16 meals in 23 days stated a claim under the Eighth Amendment); LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993) (food must be adequate to maintain health).

Plaintiff's reference to the physical alteration of multiple meals does not cure this deficiency. Moreover, as explained above, Plaintiff's citation to various sections of the Code of Regulations does not change this result. Plaintiff fails to state a claim under the Eighth Amendment based on the denial of complete meals. He was given an opportunity to amend but failed to cure the deficiencies.

**D.      FINDINGS AND RECOMMENDATIONS**

Based on the above, the Court finds that Plaintiff has failed to state a claim against any Defendant. Plaintiff has been afforded an opportunity to correct the deficiencies but has failed to do so. Accordingly, the Court recommends that this action BE DISMISSED WITHOUT LEAVE TO AMEND. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012) (internal quotation marks and citation omitted).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 17, 2013**                    /s/ *Dennis L. Beck*
                                                 UNITED STATES MAGISTRATE JUDGE